**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

DEBRA RENDE and PAULA )
LOMBARD, as Co-Trustees of the June E. )
Rende Revocable Trust U/D/T dated June )
10, 2015, as amended, )
                                 )
                Petitioners, )
                                 )
          v.                        ) C.A. No. 2021-0734-SEM
                                 )
FRANK RENDE, )
                                 )
                Respondent. )

## PARTIAL FINAL ORDER

WHEREAS, on August 25, 2021, Debra Rende and Paula Lombard (the "Petitioners") filed a petition to remove their co-trustee Frank Rende (the "Respondent") from his fiduciary role on behalf of the June E. Rende Revocable Trust U/D/T dated June 10, 2015 and for related relief;[1]

WHEREAS, I issued a final post-trial report on February 23, 2023 (the "Report");[2] in the Report I recommended: (1) the Respondent be removed as trustee; (2) the remaining trustees exercise the Decedent's option related to real property in Milton, Delaware; (3) the Petitioners account for certain accounts for a specific date range; (4) declaratory judgment be entered in favor of the Trust and the Estate

---

[1] Docket Item ("D.I.") 1. This order addresses only the posture necessary to resolve the remaining motions; interested readers are directed to the docket for a complete history.

[2] D.I. 108. Capitalized terms not defined herein shall have the meaning ascribed to them in the Report. *Id.*

regrading certain contested property; (5) the Respondent be provided his share of the Fidelity Account, less $14,729.00 in unpaid loans, which should be paid directly to the Estate; and (6) the Estate continue to be administered by a neutral representative;[3]

WHEREAS, the Respondent filed exceptions to the Report, challenging my decision as unsupported, raising concerns about procedural due process, and seeking a new trial;[4] on April 11, 2023, the Chancellor assigned the Respondent's exceptions to Vice Chancellor Cook;[5]

WHEREAS, the Respondent's counsel (the "Intervenor") withdrew from representing the Respondent after the trial and I granted his motion to intervene to enforce an attorneys' charging lien;[6] I ordered that enforcement be stayed pending Vice Chancellor Cook's ruling on the exceptions;[7] during the stay, the Respondent and the Intervenor arbitrated their fee disputes; the Intervenor initially sought $78,190.97 for attorneys' fees and costs incurred, plus interest and further costs;[8] the Intervenor has increased his request to the amount awarded at arbitration of

---

[3] *Id.*

[4] D.I. 113; D.I. 126.

[5] D.I. 119.

[6] D.I. 115; D.I. 121.

[7] D.I. 121.

[8] D.I. 110.

$92,132.47 for the fees and costs due, interest from November 2022 at 10.25% per annum, and $4,844.90 for the costs of collection;[9]

WHEREAS, the Intervenor requests payment of the arbitration award from the Fidelity Account; the date of death value of the Fidelity Account was $4,267,659.95 and the Petitioners each received their 1/3 share;[10] presumably, approximately $1,422,553.31 remains for distribution to the Respondent;

WHEREAS, on May 18, 2023, Vice Chancellor Cook issued an order staying his consideration of the exceptions until I issued a final report on the Respondent's motion for the release of funds to him;[11] on May 23, 2023, I issued such final order;[12] therein I directed that funds be released from the Fidelity Account subject to certain conditions including that the Respondent would need to withdraw his exceptions;[13]

WHEREAS, after my order, the Respondent did not withdraw his exceptions and they were heard and considered by Vice Chancellor Cook;[14] on September 25, 2023, Vice Chancellor Cook issued an order deeming the Respondent's exceptions

---

[9] D.I. 140.
[10] *See* D.I. 108, p. 21.
[11] D.I. 129.
[12] D.I. 131.
[13] *Id.*
[14] D.I. 139.

withdrawn under Rule 144(d)(1) and going on to explain that the exceptions would also fail on their merits;[15] altogether, Vice Chancellor Cook affirmed the Report;[16]

WHEREAS, Vice Chancellor Cook noted, however, that various motions were filed that should be heard by me in the first instance; those motions included: (1) the Intervenor's May 17, 2023 motion to strike (the "Motion to Strike");[17] (2) the Intervenor's July 14, 2023 renewed and supplemented motion to enforce charging lien (the "Motion to Enforce");[18] (3) the Intervenor's July 14, 2023 motion for rule to show cause (the "Motion for Rule");[19] (4) the Respondent's August 11, 2023 motion for sanctions (the "Motion for Sanctions");[20] and (5) the Respondent's August 11, 2023 motion to vacate judgment (the "Motion to Vacate");[21]

WHEREAS, the Respondent also filed, on October 16, 2023, a motion to stay and for relief from judgment (the "Motion to Stay");[22]

WHEREAS, by letter dated September 26, 2023, the Intervenor withdrew the Motion to Strike;[23]

---

[15] D.I. 150.
[16] *Id.*
[17] D.I. 127.
[18] D.I. 140.
[19] D.I. 141.
[20] D.I. 146.
[21] D.I. 147.
[22] D.I. 152.
[23] D.I. 151.

WHEREAS, by letter dated November 30, 2023, the Intervenor renewed the Motion to Enforce;[24] most recently, the Respondent reiterated his challenges and concerns in letters docketed on December 15, 2023 and December 18, 2023;[25]

WHEREAS, "[b]ecause they are inherently dilatory, motions to strike are disfavored[;]"[26] but this Court will entertain motions to strike misstatements or extraneous matters in letters or briefing because, as the Delaware Supreme Court has recognized, trial "judges must decide which hits by an advocate are fair and which hard hits by an advocate are foul[;]"[27] fouls, those which do not adhere to the rules of the Court or are unethical, may be stricken;[28] but "slight misstatements" by a party do not support an order to strike briefing, in whole or in part;[29] this Court may also decline to strike inappropriate or unauthorized filings when such filing "does not affect the outcome" of the matter pending before the Court;[30]

WHEREAS, under Court of Chancery Rule 11(c), the Court may sanction "attorneys, law firms, or parties that have violated subdivision (b) or are responsible for that violation[;]" subdivision (b) provides, in pertinent part, that filings with the

---

[24] D.I. 157.

[25] D.I. 158–59.

[26] *Goodrich v. E.F. Hutton Grp., Inc.*, 1993 WL 67197, at *1 (Del. Ch. Mar. 9, 1993).

[27] *In re Abbott*, 925 A.2d 482, 489 (Del. 2007).

[28] *Cf. id.*

[29] *Cf. Deputy v. Deputy*, 281 A.3d 566, 566 (Del. 2022).

[30] *See, e.g.*, *Zhou v. Deng*, 2022 WL 1617218, at *1 n.7 (Del. Ch. May 23, 2022).

Court are "not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;"

WHEREAS, "although the Court will view pleadings filed by *pro se* litigants with forgiving eyes . . . proceeding *pro se* will not relieve parties of their obligation . . . to present and support cogent arguments warranting the relief sought. Further, there is no different set of rules for *pro se* parties, and my leniency cannot go so far as to affect the parties' substantive rights[;]"[31]

WHEREAS, under 10 *Del. C.* § 5701, this Court has jurisdiction "to enter judgment on an award" from arbitration; "[t]o successfully convince the Court to vacate the award of an arbitration panel, the movant must show something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand or apply the law[;]"[32]

WHEREAS, under Court of Chancery Rule 60, "the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the

---

[31] *Shaw v. New Castle Cty.*, 2022 WL 3226773, at *3 (Del. Ch.), *adopted* (Del. Ch. Aug. 24, 2022) (cleaned up).

[32] *TD Ameritrade, Inc. v. McLaughlin, Piven, Vogel Sec., Inc.*, 953 A.2d 726, 732–33 (Del. Ch. 2008) (citations and quotation marks omitted).

judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment[;]"

WHEREAS, "[t]he question of whether to grant a stay is in the discretion of the Court, as a function of its necessary control of its docket[;]"[33]

WHEREAS, "[u]nder the American Rule, litigants are expected to bear their own costs of litigation absent some special circumstances that warrant a shifting of attorneys' fees, which, in equity, may be awarded at the discretion of the court. The bad faith exception to the American Rule applies in cases where the court finds litigation to have been brought in bad faith or finds that a party conducted the litigation process itself in bad faith, thereby unjustifiably increasing the costs of litigation[;]"[34] the Court may, however, properly exercise its discretion not to shift fees against a self-represented party who has engaged in bad faith litigation;[35]

WHEREAS, under Court of Chancery Rule 54(b), "[w]hen more than 1 claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the Court may direct the entry of a final judgment upon 1 or more

---

[33] *Stimwave Techs. Inc. v. Perryman*, 2023 WL 5748753, at *1 (Del. Ch. Sept. 6, 2023).

[34] *Beck v. Atl. Coast PLC*, 868 A.2d 840, 850–51 (Del. Ch. 2005) (citations omitted).

[35] *See, e.g.*, *Chilaka v. Emory Hill & Co.*, 2023 WL 6996280, at *3 (Del. Oct. 23, 2023) (finding no abuse of discretion in this Court's decision not to shift fees against a self-represented party).

but fewer than all of the claims or parties only upon an express determination that there is not just reason for delay and upon an express direction for the entry of judgment[;]"

**IT IS HEREBY ORDERED** this 19th day of December 2023, as follows:

1.    The Motion to Enforce is GRANTED, the Motion to Vacate is DENIED, the Motion for Rule is DENIED, the Motion for Sanctions is DENIED, and the Motion to Stay is DENIED.  Fees will not be shifted, nor will the Respondent's filings be stricken.

2.    This Court has jurisdiction to enforce the arbitration award and the Respondent has failed to articulate any basis on which it should be vacated.[36]  The arbitration award, as further addressed below, is hereby approved, and entered as a judgment payable from the Fidelity Account.

3.    Because Fidelity Investments has represented to the Intervenor that it will honor an order from this Court directing disbursement of the Fidelity Account,[37] I see no reason to further extend these proceedings through a rule to show cause.[38]

---

[36] I decline the Intervenor's request for a hearing; all interested parties have had full notice and an opportunity to be heard on the Motion to Enforce and oral argument is unnecessary.

  In the Motion to Vacate, the Respondent also offers to "go over the transcript" with me to demonstrate evidentiary deficiencies. This offer is declined; the Respondent had the opportunity to challenge my post-trial findings through his exceptions and that challenge failed. The Respondent has articulated no basis for further review of the trial record or the Report.

[37] D.I. 155.

[38] Although I decline to issue a rule to show cause, I do not find the Motion for Rule was improvidently filed or supports an award of fees in favor of the Petitioners to compensate for their time and effort to respond thereto. *See* D.I. 144 (requesting fee shifting). The

4. The Fidelity Account should be distributed as follows:

   a. $14,729.00 to the Estate of June Rende, c/o Leslie DiPietro, Esquire;

   b. $108,362.39 to The Law Office of Dean A. Campbell, P.A.;[39]

   c. $6,890.00 to the law firm of Fox Rothschild, LLP for the arbitration fees; and

   d. The remaining balance to the Respondent, Frank Rende.

5. After the exceptions period has passed, and if no exceptions are filed, the Intervenor shall cause this order to be served on Fidelity Investments. The Intervenor shall report back on the status of the Fidelity Account within thirty (30) days of provision of this order to Fidelity Investments and may, if necessary, submit a proposed form of rule to show cause to compel disbursement as contemplated herein. It remains my hope and expectation that such proceedings will be unnecessary, and funds will be promptly disbursed.

6. The Motion for Sanctions fails to provide a basis on which sanctions would be warranted.[40] Nor is there any basis on which to stay this action.[41]

---

Petitioners' request for fees is denied.

[39] *See* D.I. 151 at 2 n.1. I have calculated the interest as follows: $96,977.37 x 10.25% = $9,940.18/annum; $9,940.18/365 = $27.23/day; $27.23 x 158 days = $4,302.34.

[40] In the Motion for Sanctions, the Respondent asks for oral argument. I find oral argument unnecessary to decide the motions pending before me and deny that request.

[41] In the Motion to Stay, the Respondent asks for fee shifting under Court of Chancery Rule 37, summary judgment under Rule 56, and compensatory damages. D.I. 152 at 2. Such requests are denied as frivolous. As are the Respondent's arguments under the Fifth and Eight Amendments to the U.S. Constitution. *Id.* The Respondent's request for discovery under Rule 26 is also denied. *Id.* Having reviewed the Motion to Stay in detail and finding

7.     The Petitioners and the Intervenor ask for an award of their fees and costs incurred in responding to the Motion for Sanctions, Motion to Vacate, and Motion to Stay. Presumably, these requests are made under the lens of bad faith litigation. Although this Court does not shift fees lightly under the bad-faith exception, particularly against self-represented parties, the Respondent's filings cross the line from fair play into foul territory.  But in recognition of his self-represented status, and because the Respondent has not been previously warned about his conduct, I exercise my discretion to deny fee shifting at this time.

8.     The Intervenor also requests that the Motion for Sanctions and the Motion to Vacate be stricken; that request is denied for similar reasons, which are further supported by this Court's general reluctance to strike filings.

9.     The Respondent is hereby warned that the Court's leniency will not continue. The Court docket for this limited action is not the appropriate avenue for the Respondent to lob unsupported allegations of conspiracy, criminality, or other bad acts by counsel. The Respondent's frivolous, unsupported letters and motions are unnecessarily increasing the cost, time, and efficiency of this action. If this conduct continues, and the Respondent engages in bad faith litigation in the future, the Court will act appropriately to strike inappropriate filings or shift fees and costs.

the arguments frivolous, I further decline the Respondent's request for oral argument.

10. Counsel are not the only ones impacted by the Respondent's frivolous filings and the misrepresentations therein. In the Motion to Stay, the Respondent purports to quote me as stating in an August 9, 2022 order, "I'm really questioning my ruling. With respondents number of exceptions, lack of discovery, I'm leaning towards new trial[.]"[42] Such quote is entirely fictional—I did not issue any ruling on August 9, 2022, and have never waffled on the rulings and recommendations in the Report. Future misrepresentations of the Court's orders will not be tolerated.

11. Within sixty (60) days the Petitioners shall:

   a. File and serve the ordered accountings for the IBKR Account and Fidelity Account; and

   b. Provide a status report on the Milton Property, for which they were directed to exercise the Decedent's option.

12. The declaratory relief quieting title is hereby made final:

   a. The June E. Rende Revocable Trust U/D/T dated June 10, 2015 is the sole, fee simple owner of the real property located at 9202 Shore Drive in Milton, Delaware.

   b. The Decedent's 2006 Acura is an asset of the Estate and shall be treated as such by all parties.

---

[42] D.I. 152.

13.     Although I herein direct and anticipate further proceedings regarding the accountings and status report due within sixty (60) days, I find no just reason to delay final judgment on the issues otherwise resolved herein. I, therefore, direct entry of partial final judgment under Court of Chancery Rule 54(b).

14.     This is a final report under Court of Chancery Rule 143 and exceptions may be filed under Rule 144.

**IT IS SO ORDERED.**

/s/ Selena E. Molina
Magistrate in Chancery